IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § § | CASE NUMBER 6:04-CR-00006-RC |
| JAMAL BLANTON | § § § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 8, 2017, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jamal Blanton. The government was represented by Frank Coan, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Kelly Pace.

Defendant originally pled guilty to the offense of Bank Robbery (Count 1) and Possession of a Firearm During a Crime of Violence (Count 2). Count 1, a Class B Felony, carried a statutory maximum imprisonment term of 25 years. Count 2, a Class A Felony, carried a statutory maximum imprisonment term of life. The United States Sentencing Guideline range, based on a total offense level of 20 and a criminal history category of IV, was 51 to 63 months for Count 1 and 84 months to run consecutive to any other sentence for Count 2. On July 15, 2004, District Judge Leonard Davis sentenced Defendant to 51 months of imprisonment for Count 1 and 84 months of imprisonment for Count 2, to be served consecutively to any other sentence, for a total sentence of 135 months. The term of imprisonment was to be followed by 5 years of supervised release to run concurrently subject to the standard conditions of release, plus

special conditions to include drug testing and a $200 special assessment. On January 8, 2014, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to refrain from committing another federal, state, or local crime. In its petition, the government alleges that Defendant violated this condition of supervised release because according to an offense report obtained from the Texas Department of Public Safety's Highway Patrol Division, Defendant was arrested in Rusk County, Texas on October 24, 2015 and charged with Unlawful Possession of a Firearm by a Felon; Theft of a Firearm; and Driving While License Invalid with previous convictions.

Defendant was also required to refrain from associating with any persons engaged in criminal activity or with any person convicted of a felony unless granted permission to do so by the probation officer. In its petition, the government alleges that Defendant violated this condition of supervised release because according to an offense report obtained from the Texas Department of Public Safety's Highway Patrol Division, Defendant was arrested in Rusk County, Texas on October 24, 2015 and Mr. Stanley Norris Bradford was the front seat passenger in Defendant's vehicle. The government alleges that a record check has revealed that Mr. Bradford is a convicted felon. According to the government, Defendant did not have the permission of the U.S. Probation Office to associate with Mr. Bradford.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by committing the offense of Unlawful Possession of a Firearm by a Felon, or by committing the offense of Theft of a Firearm, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the Court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history

category of IV, the Guideline Imprisonment Range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by committing the offense of Driving While License Invalid, or by associating with a convicted felon without the permission of the U.S. Probation Office, Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervised release. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of IV, the Guideline Imprisonment Range for a Grade C violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts alleged above. In exchange, the government agreed to recommend a sentence of 12 months with no supervised release to follow, with the term of imprisonment to retroactively begin on November 2, 2015, i.e., concurrently with Defendant's sentence imposed in Case No. 6:16-cr-31.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Jamal Blanton be committed to the custody of the Bureau of Prisons for a term of imprisonment of 12 months with no supervised release to follow, with the term of imprisonment to retroactively begin on November 2, 2015. The Court **FURTHER RECOMMENDS** that the place of confinement be Fort Worth or as close to the Dallas-Forth Worth metropolitan area as possible in order to facilitate family visitation.

**So ORDERED and SIGNED this 8th day of February, 2017.**

*[Signature: John D. Love]*

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE